Nash, J.
 

 This is an action of debt brought against the defendants upon a constable’s bond. Upon the records of Rutherford county, is the following entry : “ The court appointed John G. Eskridge constable, until next January court, upon its appearing that he had been elected in captain C. Irwin’s company.” He gave bond to the State of North Carolina.
 

 From the same record it appears there were seven magistrates on the bench when the bond was taken. We see no objection to the bond or the appointment, as it is called. John G. Esk-ridge made it appear to the satisfaction of the court, that he had been elected a constable in or for captain Irwin’s district or company, and we are to understand by the voters of that district, and the court has done, and done properly, what devolved on them by law, namely, taken the bond of the constable, the requisits number of magistrates being on
 
 the
 
 bench. The word appoint, used as it is in the record, is sufficiently explained by what follows, to show, that, in fact, the court did not appoint the constable, but that he had been duly elected by the people of the district, and they did no more than take the bond. The bond is good in law. The whole doctrine on this subject is embodied in the following cases.
 
 State
 
 v. Washburn, 4 Ired. 19.
 
 State
 
 v.
 
 Fullenwider,
 
 4 Ired. 364.
 
 State
 
 v.
 
 Wiggins,
 
 4 Ired. 273. On the trial in the Superior Court, it was further urged by the defendants’ counsel, that if the plaintiff was entitled to a verdict at all, it would be for
 
 *413
 
 nominal damages only. The writ issued on the 5th of July 1840, and, according to the case, the papers were put into the hands of
 
 the
 
 constable Eskridge for collection, in the year 1835. The debtors were all solvent and able to pay, and were so at the time of the trial. The notes were not produced on the trial, nor was there any evidence to show what had become of them. The court instructed the jury, that, under such circumstances, they were at liberty to give in damages the full amount of the moneys due on the notes, which they, accordingly did. It was not questioned, but that the defendant Eskridge had broken his covenant; it was not pretended that he had made any effort to collect the money due. He had had the notes for five years before the bringing of the action, and ten before the trial, and, when called on for the money, neither paid it or gave any account of the notes whatever. The fair presumption is, that he had collected the money, and appropriated it to his own use. I say, this is a fair presumption, because, by the law, as established by this court, if he had tendered the papers to the relator, or had brought them into court and then surrendered them to his use, the damages to which he would have been subjected would have been but nominal, if the debtors were still solvent and still able to pay.
 
 Governor
 
 v. Matlock, 1 Hawks, 425.
 
 State
 
 v.
 
 Skinner, 3
 
 Ired. 465. These cases have extended the immunity of collecting officers, as far as it ought to go. To protect the officer from paying substantial damages for the failure to perform his duty, he must place the plaintiff in the' same situation, in every respect,- that he was, when the agency' was assumed. We do not see how the judge could have in-' structed the jury differently from what he did.
 

 Per Curiam, Judgment affirmed; •